**Robert RICHARD, also known as Robert Callas, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 01–2016.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

## ORDER

Robert Richard, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights suit pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Richard filed a complaint against the Michigan Department of Corrections ("MDOC"); Reynolds, Hadley, and Neve, correctional officers employed by the MDOC at the Pine River Correctional Facility ("PRCF"), where Richard is incarcerated; the Inmate Benefit Fund, or prison store, at PRCF; and Brown & Williamson Tobacco Corporation. Richard alleged that the defendants are responsible for his addiction to cigarettes and that, as a result of his addiction, he has received misconduct tickets for smoking in his cell. Richard also alleged that Brown & Williamson should have warned him that violation of the MDOC's smoking policy could result in misconduct tickets, the punishment for which could be "top lock (segregation)."

The district court dismissed Richard's complaint as frivolous. Richard has filed a timely appeal. He requests oral argument. Richard has also filed a motion for imposition of sanctions, for entry of default, partial default and/or imposition of sanctions, and to supplement the record.

We review de novo a judgment dismissing a suit as frivolous under §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review, we conclude that the district court properly dismissed Richard's complaint, as it lacks an arguable basis in law. *See id.; Brown*, 207 F.3d at 866. First, Richard's claims against the MDOC and the Inmate Benefit Fund are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Abick v. Michigan*, 803 F.2d 874, 876–77 (6th Cir.1986). Second, Richard failed to assert a § 1983 claim against Reynolds, Hadley, and Neve because he did not allege that they deprived him of a right secured by the federal constitution or laws of the United States. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Mays v. Dayton*, 134 F.3d 809, 813 (6th Cir.1998). Third, Brown & Williamson is not a state actor for purposes of § 1983. Although private entities who act in concert with a state actor may be subject to suit under § 1983, *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), Brown & Williamson's actions in supplying cigarettes to MDOC prison stores for sale to the inmate population are not such a sufficiently close connection with the state as to render Brown & Williamson a state actor for purposes of § 1983.

Accordingly, the request for oral argument and all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.